# Ford, Appellant, v. Ford.

*Divorce—Refusal of divorce—Review by appellate court—Evidence—Cruel and barbarous treatment.*

On an appeal from a decree refusing a divorce, the appellate court is required to review the testimony in order to ascertain whether it is sufficient to obtain a divorce; and in such review the court must be governed by the facts and not by the conclusions or opinions of the witnesses.

On a libel for divorce filed by a husband against his wife on the ground of cruel and barbarous treatment, mere general assertions as to the conduct of the respondent and her treatment of her husband will be considered of no value, if they are not accompanied by evidence of the actual facts on which such assertions are based.

Argued April 17, 1917. Appeal, No. 102, April T., 1917, by plaintiff, from decree of C. P. Washington Co., Aug. T., 1916, No. 23, refusing decree in divorce in case of William F. Ford v. Goldie Miller Ford. Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREX-LER and WILLIAMS, JJ. Affirmed.

Libel for divorce.  Before Irwin, J.

From the record it appeared that the ground alleged was cruel and barbarous treatment and indignities to the person so as to render libellant's condition intolerable and life burdensome.  The libellant based his case upon the testimony of himself and two other witnesses.  The testimony is summarized in the opinion of the Superior Court.  The court below entered a decree refusing a divorce and dismissing the libel.

*Error assigned* was the decree of the court.

*Vernon Hazzard,* for appellant.

No printed brief for appellee.

Opinion by Trexler, J., July 13, 1917:

The libel alleges such cruel and barbarous treatment and indignities to the person as to render libellant's condition intolerable and life burdensome.  The testimony of the husband is to the effect that his wife never treated her marriage vow seriously and cursed him and his family constantly.  That she would absent herself from home for weeks at a time, that she burned their marriage certificate, that "she taunted him continuously about getting a divorce," that after he filed his petition in this case he received a letter from her in which she admitted that she had a bad temper and a mean disposition and that she knew he would never live with her again because of the way she had treated him, that she admitted in the presence of others that she had nagged him and that she had done it so that he would get a divorce, that she was "constantly abusing him," had him arrested for desertion and then withdrew the charge and admitted that it was groundless.  That he did not have "a minute of peace during the time they lived together," that he was compelled to get six meals away from home, she having refused to prepare them for him.  On one occasion she

called him "everything she could lay her tongue to." On another occasion she began "chewing the rag." The witnesses called in corroboration testified that in the presence of others she abused the libellant with her tongue, that she "bawled him out" and made a lot of unseemly accusations to a bookkeeper, and that she talked bitterly about her husband and his family.

We are required to review the testimony in order to ascertain whether it is sufficient to obtain a divorce. We must be governed by the facts, not by the conclusions or opinions of the witnesses: Richards v. Richards, 37 Pa. 225. General assertions such as above set forth prove nothing. "I received continuous abuse," "She chewed the rag," "She never treated her marriage vow seriously," "She called me everything she could lay her tongue to," and the admission of the wife that "she had nagged her husband" are of no value unless accompanied by the actual facts on which these assertions are based. We are entitled in the consideration of the case to have the particulars as to the words spoken or the things done that constituted the cruel and barbarous treatment which rendered the condition of her husband intolerable and life burdensome (Act of June 25, 1895, P. L. 309). We can extend no sound judgment in such cases without studying the acts complained of in their connection with the character of the parties: Aikens v. Aikens, 57 Pa. Superior Ct. 424. In Bishop v. Bishop, 30 Pa. 412, a case of desertion, the court remarks, "He was bound, if entitled to be divorced for such a cause, to exhibit facts to the court, from which they might legally infer this breach of the libellant's obligation. He cannot withhold the facts and prove the inferences. So far as this was attempted, it furnished no support to the libellant's case." We must have the particulars in order to come to a proper conclusion. As the lower court very pertinently said, " 'What did she·say?', 'What was she talking about?' The testimony is absolutely silent on these important matters." Upon the general allegations

350, (1917).]          Opinion of the Court.

which we find in the testimony unsupported by any facts, it would have been error for the court to have granted the divorce.

The decree is affirmed.