## Stoeser, Appellant, *v.* Stoeser.

*Divorce—Cruel and barbarous treatment—Insufficient evidence —Refusal of divorce.*

A libel in divorce on the grounds of cruel and barbarous treatment is properly dismissed, where the evidence shows that the action is based upon trivial causes, which had been magnified by frequent repetition, and the libel is not supported by any testimony of a character sufficient to warrant the granting of a divorce.

Argued December 4, 1919. Appeal, No. 230, Oct. T., 1919, by libellant, from decree of C. P. No. 3, Philadelphia County, September Term, 1918, No. 192, refusing a divorce in the case of Edward J. Stoeser v. Emilie Pauline Stoeser. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Libel in divorce. Before McMICHAEL, P. J.

The case was referred to Thomas Ridgway, Esq., as master, who recommended that the libel be dismissed.

On exceptions to the master's report the court overruled the exceptions and dismissed the libel. Libellant appealed.

*Error assigned* was the order of the court.

*John G. Kaufman,* of *Robinson, Kaufman & Barnes,* for appellant.

No appearance and no printed book for appellee.

PER CURIAM, February 28, 1920:

The libel in this case alleges as a ground for divorce, cruel and barbarous treatment and indignities to the person rendering the condition of the husband intolerable and his life burdensome. The record presents nearly 400 pages of printed testimony, and after a careful examination by the master he concluded, that many of the witnesses who were called threw no light on the situation, and bases his findings of fact upon the testimony of the parties themselves and their son. The parties had lived together for over seventeen years in apparent amity before this action was commenced. Many isolated examples of bad temper and painful scenes are specified, but evidently they were not considered of sufficient importance to change their manner of living. The record is unusual in that, there is no charge of immorality or

dissipation by either party, or from causes induced by outside parties. The antagonistic relation between the parties is based upon trivial causes which have been magnified by frequent repetition, and their unhappy life has been entirely due to unwarranted exhibition of bad temper and a lack of tact in dealing with conditions frequently incident to the married relation.

The exceptions to the master's report raised every question that could be rightly considered, and many others relating to entirely irrelevant and immaterial matters. We cannot control the domestic infelicities of these parties, and their apparent determination to be unhappy is a matter for their own control. All we can say is that this record does not disclose sufficient facts to warrant the granting of a divorce. The court below adopted the findings of fact and law as reported by the master and in these we concur. The evidence necessary to warrant the granting of a divorce has been frequently reviewed in the appellate courts, and it is not necessary to repeat it: Biddle v. Biddle, 50 Pa. Superior Ct. 38; Egolf v. Egolf, 53 Pa. Superior Ct. 254; Cunningham v. Cunningham, 60 Pa. Superior Ct. 627; Ponthus v. Ponthus, 66 Pa. Superior Ct. 257; Ford v. Ford, 67 Pa. Superior Ct. 350.

The decree is affirmed.