# Boller *v.* Boller, Appellant.

*Divorce—Cruel and barbarous treatment—Indignities to the person—Adultery.*

In an action for a divorce on the grounds of cruel and barbarous treatment, it was error to grant a divorce where the evidence on behalf of the libellant did not meet the burden imposed upon him to make out a case.

A decree of divorce should never be entered without clear and satisfactory evidence bringing the case within the provisions of the statute.

Submitted April 17, 1923.   Appeal, No. 168, April T., 1922, by respondent, from judgment of C. P. Butler Co., Dec. T., 1921, No. 67, granting a divorce in the case of August Boller v. Marianna Boller.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Libel in divorce.   Before REIBER, P. J.
The facts are stated in the opinion of the Superior Court.
The court granted a divorce.   Respondent appealed.

*Error assigned* was the decree of the court.

*W. H. Martin,* for appellant.

*Jackson & Troutman,* for appellee.

OPINION BY HENDERSON, J., July 12, 1923:

The cause of divorce set forth in the complainant's libel was cruel and barbarous treatment and indignities to his person such as rendered his condition intolerable, and adultery.   The decree was based on the charge of cruelty, etc.   The testimony is within narrow limits and covers a period of about nine months immediately preceding the withdrawal of the complainant from his home. The parties are natives of Germany.   The husband arrived in this country in 1914—his wife, with, their four children came in April, 1921.   The charge of cruelty was supported by the uncorroborated evidence of the complainant that on one occasion his wife slapped him in the face; at another time she struck him; and that on a third occasion there was an argument in the house while a man named Halma was present when she held a big knife in

a threatening manner. The testimony does not show that the transaction was an attack on the complainant, and the other assaults seem to have been of a slight character as described by the plaintiff. The respondent denied the complainant's story as to the alleged assaults and she is corroborated to some extent with respect thereto. They do not seem to have been the real ground of complaint. The principal part of the evidence relates to the conduct of the respondent with reference to three men—Gabel Klopoliski, Stine Halma and Tony Zaski—who were acquaintances of the complainant's family and visited his house at times. Giving credit to the complainant's evidence, the conduct of his wife was not refined and ladylike on some occasions and was such as to have excited his jealousy; but all of the evidence tending to show such conduct as would establish a charge of indignity to his person is directly denied by the respondent and she is materially supported by other evidence. It may be inferred that the social level in which the parties and their friends moved was not of the highest type and that there was a freedom of conduct not practiced in refined society. But all the evidence bearing on the charge of indignities falls short of that weight and consequence which is necessary to make out a case for the complainant. The respondent was perhaps not careful to avoid conduct which annoyed her husband and led him to believe she cared more for some of her associates than for her husband, and she admits one or two acts, the tendency of which would be to excite his jealousy; but as was said by Judge PORTER in Hexamer v. Hexamer, 42 Pa. Superior Ct. 240: "The conduct of the respondent with men other than her husband had been indiscreet and such as to arouse the suspicions or even the jealousy, of the libellant to an extent as to render his condition intolerable and life burdensome, but for such a result produced by such a cause the statutes do not confer upon the courts jurisdiction to grant a divorce." The most important fact charged by the complainant in his evidence was that

his wife and his daughter about 16 years old slept on the same bed with Gabel and Zaski on a night when the complainant was giving a party at his house. His statement has no corroboration in the testimony and is denied by Zaski, the respondent and the daughter. Zaski was called by the complainant, but his testimony with regard to this occurrence is directly contradictory of the allegation of the complainant. A review of the whole evidence leads us to hold that the complainant's case has not been established by such testimony as warrants a decree of divorce. Such a decree should never be entered without clear and satisfactory evidence bringing the case within the provisions of our statutes.

The decree is reversed and the libel dismissed at the cost of the libellant.