## Artzberger, Appellant, *v.* Artzberger.

*Divorce — Cruel and barbarous treatment — Indignities to the person—Evidence—Sufficiency.*

In an action for divorce, on the ground of cruel and barbarous treatment, a libel is properly dismissed, where the evidence is lacking in weight and importance necessary to support a decree.

Argued December 4, 1924.   Appeal, No. 132, April T., 1925, by libellant, from decree of C. P. Allegheny Co., Jan. T., 1923, No. 2292, dismissing libel in divorce in the case of Walter E. Artzberger v. Laura F. Artzberger. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Libel in divorce.   Before ROWAND, J.

The case was referred to J. Frank Peffer, Esq., as master, who recommended a divorce.

On exceptions to the master's report the court sustained the exceptions and dismissed the libel.   Libellant appealed.

*Errors assigned* were, among others, in sustaining the exceptions to the master's report and the decree of the court.

*Thomas M. Marshall, Jr.,* and with him *Thomas M. Marshall,* for appellant.

*Edwin B. Goldsmith,* and with him *Charles B. Prichard,* for appellee.

OPINION BY HENDERSON, J., February 27, 1925:

An examination of the evidence in this case brings us to the same conclusion at which the court below arrived. The testimony in support of the libel is lacking in the

weight and importance necessary to support a decree of divorce for cruel and barbarous treatment and indignities to the person.   That part of it having any specific bearing on the charge in the libel is contradicted and is met by a countercharge of reprehensible conduct on the part of the complainant.   It was the burden of the latter to make out his case by clear and satisfactory evidence.   Transient exhibitions of an irritable disposition are not weighty in their bearing on the cause of action as set forth in the libel.   The testimony taken as a whole gives the impression to us that the libellant was moved by other considerations than the conduct of his wife in instituting this proceeding.   It is unnecessary to engage in an extended analysis of the evidence.   That has been done by the learned judge of the court below.   It is sufficient to say that the evidence offered by the appellant is not convincing when read in connection with that presented in rebuttal.

The decree of the court below is therefore affirmed and the libel dismissed at the cost of the appellant.