## Headland, Appellant, v. Headland.

*Divorce—Cruel and barbarous treatment—Evidence—Insufficiency.*
A libel in divorce, on the ground of cruel treatment, is properly dismissed, where the evidence of the alleged cruelty and indignities is too vague and the record does not establish such a course of conduct as would entitle the libellant to a decree.

Argued April 19, 1926.   Appeal No. 164, April T., 1926, by libellant, from decree of C. P. Beaver County, September T., 1925, No. 224, in the case of Ida Headland v. Raymond Headland.   Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP, and CUNNINGHAM, JJ.   Affirmed.

Libel in divorce.   Before READER, J.

The facts are stated in the opinion of the Superior Court.

The case was referred to Frank J. Yetso, Esq., as Master, who recommended that a divorce be granted.

On exceptions to the Master's report the court sustained the exceptions and dismissed the libel.   Libellant appealed.

*Error assigned* was the decree of the court.

*Stewart P. McConnell*, for appellant.

No appearance and no printed brief for appellee.

OPINION BY KELLER, J., July 8, 1926:

Two grounds for divorce were set up in the libel filed in this case: (1) Cruel and barbarous treatment endangering libellant's life; (2) indignities to the person of the libellant such as to render her condition intolerable and life burdensome, thereby forcing her to withdraw from respondent's house and family.   The subpoena was served on the respondent, but he did not appear or contest the action.   The hearing was there-

fore ex parte, and the witnesses were not subjected to cross-examination: Edmond's App., 57 Pa. 232, 234.

We have carefully scrutinized the testimony taken in the case and agree with the learned court below that it falls short of clearly establishing either of the causes relied on. The evidence as respects the cruel and barbarous treatment was confined to two instances, where the respondent threatened the libellant with bodily harm rather than attempted to inflict it upon her. They did not amount to a course of cruel treatment such as to endanger libellant's life, nor were they so severe or accompanied by such circumstances of atrocity as of themselves to justify a decree: May v. May, 62 Pa. 206, 210; Lynn v. Lynn, 76 Pa. Superior Ct. 428, 431. The testimony in support of the charge of indignities to the person consisted rather of the witnesses' conclusions as to the respondent's conduct than recitals of facts establishing the charge: Edmond's App., supra, p. 234; Ford v. Ford, 67 Pa. Superior Ct. 350; Bishop v. Bishop, 30 Pa. 412. It shows scattered instances of blameworthy conduct on the part of the respondent, but not such a course of intolerable treatment inflicted upon the libellant as to bring the case within the statute authorizing a divorce for indignities to the person: Richards v. Richards, 37 Pa. 225, 227; Krug v. Krug, 22 Pa. Superior Ct. 572, 573.

We are in accord with the following summary from the opinion of the court below: "One witness testifies to having heard the respondent use profane and offensive language to her [the libellant] on one occasion in the presence of the witness. Other witnesses testify to having heard the libellant and respondent quarreling and talking loud when in their own room, the witnesses, however, being unable to state what was the occasion of the quarrel or what was said by either the libellant or respondent. There is considerable testimony tending to show that respondent did not provide

well for the libellant and other members of his family. Neglect and non-support, however, do not in themselves constitute either cruel and barbarous treatment or indignities to the person. The other testimony as to alleged cruelty and indignities seems to us to be too vague and to refer to instances too few and isolated to constitute treatment that could be defined as indignities to the person. The evidence does not establish a course of treatment of this character.'' Our sympathy for appellant's condition does not justify a decree not authorized by statute.

The decree is affirmed.