## Gandy *v.* Gandy, Appellant.

*Divorce—Cruel and barbarous treatment—Evidence—Insufficiency.*

A libel in divorce on the ground of cruel and barbarous treatment will be dismissed, where the record discloses a series of minor quarrels and disagreements, but does not establish such a course of cruel and barbarous treatment as will warrant a divorce.

Argued October 22, 1926. Appeal No. 118, October T., 1926, by respondent from decree of C. P. No. 2, Philadelphia County, June T., 1924, No. 498, in the case of George Clark Gandy v. Bessie Gandy. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Reversed.

Libel in divorce.  Before STERN, P. J.

The facts are stated in the opinion of the Superior Court.

The Court granted the divorce.  Respondent appealed.

*Error assigned,* among others, was the decree of the Court.

*Albert T. Hanby,* and with him, *Frank Bechtel, Jr.,* for appellant.

*Roy Pressman,* for appellee.

OPINION BY HENDERSON, J., March 3, 1927:

This is an appeal from the decree of the court below granting a divorce to the libellant.  The parties were married in September, 1922, and lived together about sixteen months when the complainant left his home and refused to return thereto.  The causes of divorce set forth in the libel were cruel and barbarous treatment and indignities to the person.  The master recommended a decree in favor of the complainant on both grounds, but on exception filed, the exception with respect to cruel and barbarous treatment was sustained, and a decree entered on the second charge.  The marriage was not one of affection on the part of the husband as may be inferred from his own admission.  The respondent had been previously married and had three children.  She obtained a divorce from her former husband against whom an order of support had been entered in favor of the children.  Two of them remained with their mother after the second marriage, and the third lived with the mother's mother.  The complainant's father and mother lived with him during a part of the time when the parties were living together, the father having died at the libellant's house.  The mother remained there for a time after the death of

her husband when she moved away and occupied an apartment. The evidence taken by the master consisted almost wholly of the testimony of the libellant and his mother in support of the complaint and of the wife in her defense. Much of the evidence in support of the action is magnified by repetition with the effect that a careful reading of the evidence is necessary to learn the number of occurrences relied on in support of the decree. The relevant charges relate to opprobious epithets applied by the respondent to her husband when they were alone; to others in the presence of the complainant's mother; and on one occasion to such language used at a nearby garage in the presence of two colored boys. There was also evidence of a personal assault by the respondent on her husband made with a frying pan on one occasion, and on another with an egg turner. It was also shown that once the respondent was away from the house at supper time and that frying potatoes and meat were burned during her absence. At another time it was charged the respondent left the house in the evening, locked the door, and thereby prevented the husband from getting into the house until about half past nine o'clock when the respondent returned. Her two children were with her at the time. The evidence given by the complainant and his mother discloses deep interest and as is frequently the case in such proceeding noticeable bias. The memory of each of these witnesses was prompt in the recollection of occurrences unfavorable to the respondent, but the memory of the husband especially was forgetful on the questions not favorable to him. The incident of the frying pan, and the disappearance of $50 which the complainant had in his pocketbook on a certain day, and the occurrence at the garage were the principal causes of complaint in addition to the offensive epithets alleged. The respondent denied all the material allegations of the complainant and at-

tributed their domestic trouble in part to the annoying interference of the complainant's mother at times; to the absence of the husband from home at times when he could have been there in the company of his wife, and to his abusive language to her and the exercise of violence toward her as the result of which one of her fingers was broken. She admitted a quick temper and that she at times was provoked to anger on account of her husband's conduct, but said these were transient and not frequent. The missing $50 of the stealing of which the respondent was accused by her husband were found the next day under circumstances which contradicted the husband's accusation. The respondent's testimony in the main bears evidence of frankness and candor. A letter from her addressed to her husband after he left was offered in evidence by the libellant for the purpose of showing admissions by her of acts which she regretted and with respect to which she asked forgiveness of his mother for anything she might have done to displease her and admitting that she had a bad temper. The letter has the appearance of having been written in a kind and generous spirit and contains the significant statement "if you and your mother will forgive and forget, I will do likewise. Why not start all over again and let us live together. Life is so short and but a day when it is all summed up. Come up Sunday and talk with me. I know I have a bad temper, but after all I am tender hearted." Taking all of the letter into consideration, it is creditable to the respondent. The learned master in considering this branch of the evidence uses that part of the letter against the respondent which contains the admission of a bad temper, but gives no credit to her for other parts of it which would indicate generosity and affection. Some importance was attached by the master to the fact that two of the respondent's children in whose presence some of the

controversies between the parties were said to have taken place, and two visitors who were at the house one evening when there was a disagreement were not called to corroborate the respondent. With respect to the children, they were young and might well have been excused from participating in such a controversy, and the omission to call the visitors referred to makes weight against the libellant as well as against his wife. The motive which induced the complainant to be married should not be overlooked when scrutinizing the evidence. The denial of the respondent is certainly entitled to an estimate of weight equal to that of the husband, and the evident partiality of the mother for the son is not to be disregarded. The delicate state of the respondent's health for a part of the time to which the evidence relates should be considered in connection with the other testimony in the case. The transaction at the garage does not seem to have borne heavily on the complainant for according to the testimony of one of the witnesses called for him he and his wife went out of the garage arm in arm. Practically all of the grievances complained of were occurrences in the house between the husband and wife, with the exception of the garage incident, and it is not at all clear that they were not the expression of impatience or dissatisfaction which are said to occur from time to time in the family life of many people. The evidence does not disclose that the complainant's health was impaired, and there is a lack of clearness and necessary weight of evidence to show that his condition was intolerable or his life burdensome. There is some basis for the supposition that outbursts of temper shown by the complainant's testimony were retaliatory to a degree, and if credit is to be given to the respondent's evidence, there was strong provocation on the part of the libellant. It has been frequently held that it is incumbent on a complainant in a proceeding for divorce

to make out his case by clear and satisfactory evidence: Stoeser v. Stoeser, 73 Pa. Superior Ct. 321; Forrester v. Forrester, 77 Pa. Superior Ct. 364; Boller v. Boller, 81 Pa. Superior Ct. 334; Artzberger v. Artzberger, 84 Pa. Superior Ct. 352. We are convinced that the libellant has not presented such clear and satisfactory evidence as in the face of the respondent's testimony should entitle him to a divorce.

The decree is therefore reversed at the cost of the appellee.