## Platt v. Platt.

*Divorce—Cruel and barbarous treatment—Indignities to the person—Evidence—Ex parte hearing—Practice—Affidavit—Act of May 8, 1919, par. 1.*

1. A charge of cruel and barbarous treatment will not be sustained upon evidence that respondent struck libellant upon two occasions without inflicting injury; nor a charge of indignities to the person upon evidence simply of sloth, drunkenness and profanity, particularly upon an *ex parte* hearing.

2. As section 2 of the Act of May 8, 1919, P. L. 164, provides that the affidavit to the libel shall be "taken before one of the same judges or any person in the county legally authorized to take acknowledgments," if the affidavit is taken in a county other than the one in which the libel is filed, the libel will be dismissed.

Libel for divorce. C. P. Cumberland Co., Sept. T., 1926, No. 108.

*J. Goodyear*, for libellant.

BIDDLE, P. J., Jan. 31, 1927.—The libel in this case advances two grounds for the divorce asked: First, cruel and barbarous treatment, endangering

Platt v. Platt.

the life of the libellant; and, second, indignities to the person of the libellant, such as rendered her condition intolerable and life burdensome.   The learned master recommends that the divorce be granted on the grounds alleged in the libel.   There was no appearance by or for the respondent in this case.   The hearing was entirely ex parte, and the witnesses, only two of whom were called, one the mother of the libellant and the libellant herself, were not subjected to any cross-examination; so that careful scrutiny of the evidence is required by the court: Edmond's Appeal, 57 Pa. 232 (234) ; Headland v. Headland, 88 Pa. Superior Ct. 417.

The parties to this action were married in July, 1924, and the respondent, apparently without cause, deserted the libellant in November, 1925.   The libel in this case was filed in June, 1926.

On the first ground, the only evidence of cruel and barbarous treatment was that on two occasions the respondent had struck the libellant.   It does not appear, however, that any injury followed either blow, or that either blow was at all severe.   We cannot, therefore, consider that the evidence supports the first ground alleged in the libel, nor do we feel that the libellant has made out a case of such indignities to the preson as to render her condition intolerable.   It does show, we think, that the respondent was an undesirable associate and a bad citizen generally.   He was lazy, drunken and, when drunk, quite profane.   But it does not appear that there was anything in any of these conditions that could or should affect the condition of a normal person.   It appeared, also, that the respondent was a thief and a violator of the game laws, and desired to have the libellant join with him in the fruits of his misconduct.   But we have not been referred to anything making this a valid ground for divorce; and the same thing applies to the conduct of the respondent in regard to bootlegging and in his endeavors to induce the libellant to join with him in violation of the prohibition and enforcement laws.   It may well be that such conduct should be the ground for divorce, but we do not understand that the legislature of this State has yet made it so, and we do not feel that we can legislate on the subject ourselves.   In this connection, too, it may be noted that the separation of the parties was effected by the respondent, and that not until seven months after his desertion was there any complaint by the libellant.   The conclusion we have reached, therefore, is that the libellant has failed to establish either ground of divorce alleged in her libel, and that the divorce that she seeks must, therefore, be refused.

In addition to this, it may be pointed out that the affidavit appended to the libel was taken before one Hazel E. Eater, who, in the jurat, describes herself as a notary public in and for the County of Cumberland.   The seal attached to the affidavit, however, shows that her place of business as a notary is the City of Harrisburg, which is not in Cumberland but in Dauphin County; and the records of this county show that she was not commissioned as a notary public of Cumberland County.   We think that an affidavit taken in another county, as this was apparently taken, does not comply with the requirements of the Divorce Act of 1815, as amended by the Act of May 8, 1919, par. 1, P. L. 164, which provides for an affidavit "taken before one of the same judges or any person in the county legally authorized to take acknowledgments;" and, in the absence of such affidavit, the libel should be dismissed: Helt v. Helt, 7 Dist. R. 746.

And now, Jan. 31, 1927, the libel in this case is dismissed, at the costs of the libellant.

From Francis B. Sellers, Carlisle, Pa.