# Wallian v. Wallian, Appellant.

*Divorce—Cruel and barbarous treatment—Indignities to the person —Evidence—Insufficiency.*

A decree of divorce on the ground of cruel and barbarous treatment and indignities to the person will be refused (1) where it was made while rules for a bill of particulars and for a jury trial were pending, and (2) where the evidence for libellant established only occasional manifestations of an irritable disposition and ill-temper and a single trivial act of violence offered to the husband by his wife.

Argued March 9, 1927. Appeal No. 32, February T., 1927, by respondent from decree in divorce of C. P. Lackawanna County, October T., 1926, No. 1276, in the case of August Wallian v. Madelyn Wallian. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Libel in divorce. Before NEWCOMB, P. J.

The facts are stated in the opinion of the Superior Court.

The Court granted a divorce. Respondent appealed.

*Errors assigned,* inter alia, were the decree of the court and discharge of respondent's motion for a bill of particulars and a jury trial.

*William B. Landis,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY GAWTHROP, J., April 22, 1927:

On August 11, 1926, a libel in divorce was filed in the court below charging that the wife had, by cruel and barbarous treatment, endangered the life of her husband and had offered such indignities to his person as to render his condition intolerable and his life burdensome, and thereby forced him to withdraw from his home and family. A subpoena was awarded on the same day and personal service was had upon respondent on August 14, 1926, in the City of Scranton, Lackawanna County. On September 18, 1926, the court below granted a rule to show cause why a decree in divorce should not be made, returnable to Argument Court, and on the same day fixed October 1, 1926, at ten A. M. as the time for trial before the learned president judge of said court in his chambers in the court house. On September 28, 1926, proof of service of said rule upon respondent was filed. On September 30, 1926, respondent, by her attorney, filed a petition for a rule upon libellant to show cause why a bill of particulars should not be filed, and also praying for a trial by jury. On the same day the court below granted rules on libellant to show cause why he should not be required to file a bill of particulars and why a jury trial should not be awarded as prayed for, returnable to Argument Court. The record does not show the date of the Argument

Court to which these rules were made returnable. It appears, however, by the sheriff's return that he got personal service of said rules on libellant on October 6, 1926. In the meantime, however, an ex parte hearing was held before the learned president judge of the court below on October 1, 1926, and the testimony of libellant and one witness called by him was heard. The record does not show that libellant filed any answer to the rules for a bill of particulars and for a jury trial, but it appears that on October 14, 1926, the president judge of the court below filed an opinion and order discharging said rules on the ground that they must be regarded as merely dilatory and to have been abandoned by respondent because there had been no attempt to serve them on libellant or his counsel, and respondent did not appear at the hearing on the rule for a decree in divorce. As before noted, personal service of the rules had been made on libellant on October 6, 1926, but the sheriff had not made his return. On the same day on which said rules were discharged, the court entered a decree of divorce upon the ground set forth in the libel.

Respondent has appealed and complains, (1) of the discharge of her rules for a bill of particulars and for a jury trial; (2) of the holding of the ex parte hearing while said rules were pending; (3) that the evidence was insufficient to sustain the decree.

(1, 2) Upon full consideration we are of one mind that the record furnishes no basis for the conclusion of the learned president judge that the rules entered by respondent to obtain a bill of particulars and to secure a jury trial were mere dilatory tactics, and that said rules had been abandoned by her. These rules were granted on Thursday, September 30, 1926, and made returnable to Argument Court. The record does not show the date upon which the next term of Argument Court in Lackawanna County fell, although it appears

by appellant's history of the case that said rules were placed upon the list for the term of Argument Court, which began Monday, October 11, 1926. It would seem to be an irresistible conclusion, however, that the return day of said rules was not the next day after they were granted, namely, Friday, October 1, 1926, the day upon which the learned president judge held the trial in the divorce proceeding. Counsel for respondent had the right to assume that the court would not proceed with the trial while said rules were pending. Therefore, no inference that respondent had abandoned said rules arose from the fact that she did not appear at the trial on October 1, 1926. Passing the questions whether respondent was entitled to a bill of particulars under the provisions of the Act of May 25, 1878, P. L. 156, or to a jury trial under the provisions of Section 2 of the Act of March 13, 1815, P. L. 150, as amended by the Act of March 19, 1923, P. L. 20, it was the duty of the learned president judge to continue, of his own motion, the trial fixed for October 1st until there had been a disposition of those questions under the rules granted by the court on September 30th. It follows that it was reversible error to proceed with the hearing while said rules were pending and then subsequently to summarily dismiss said rules by treating them as having been abandoned by respondent. Respondent was entitled to have the questions whether she should be furnished with a bill of particulars and whether she was entitled to a jury trial disposed of on their merits. The holding of the ex parte hearing in the circumstances amounts to a clear denial of her right to a day in court.

(3) An examination of the evidence, consisting of the testimony of libellant and one witness in his behalf, brings us to the conclusion that it is lacking in the weight and importance required to support a decree of divorce for cruel and barbarous treatment and in-

dignities to the person. It was the duty of libellant to make out a case by clear and satisfactory evidence. Occasional manifestations of irritable disposition are not sufficient to establish a course of conduct constituting the offering of such indignities to the person of libellant as to render his condition intolerable and life burdensome and thereby force him to withdraw from his home and family. (Artzberger v. Artzberger, 84 Pa. Superior Ct. 352). There is no evidence in the case which even tends to establish the cruel and barbarous treatment by the wife contemplated by the statute as construed in numerous decisions. The parties were married September 17, 1924, and began living together in Scranton. They have one child. The substance of the husband's testimony is that the wife was only at home five or six times when he returned from work to get his meals; that he usually found her at her mother's home; that he could not get home from work until after six o'clock; that she complained because he could not get home at six o'clock, called him vile names, and on one occasion picked up a cup from the supper table and struck him on the face; and that once she notified his employer that if he did not get home for supper at six o'clock he would not get any supper unless he came up to her mother's house for it. He admitted that it was a forced marriage and that the wife left him about August 1, 1925, and had him arrested for nonsupport of the child. The only witness called testified that she was at the home of the parties on the evening of Christmas, 1924, when libellant got into an argument with his wife, who struck him on the face with a saucer or cup and called him some vile names and threatened to kill him. It is sufficient to say that the complainant's case has not been established by such testimony as warrants a decree of divorce on the ground of indignities to the person.

The decree is reversed and the libel dismissed at the cost of libellant.