Elverson, Appellant, *v.* Elverson.

Argued December 14, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and STADTFELD, JJ.

*Chester N. Farr, Jr.*, and with him *Wm. H. Schneller*, for appellant.

*Henry L. Snyder* of *Henninger & Snyder*, and with him *Fred E. Lewis*, for appellee.

OPINION BY GAWTHROP, J., March 5, 1932:

In this action in divorce brought by a husband against his wife, the allegation was "that respondent, by cruel and barbarous treatment, rendered the condition of the libellant intolerable and made life burdensome, thereby forcing him to withdraw from the house and family of libellant and respondent." The master refused to recommend a divorce and the court below agreed with the master, entered a decree refusing the divorce and dismissed the libel. The libellant appeals.

Our review of the evidence, which occupies almost five hundred pages of the printed record, in the light of the report of the master and the briefs and oral arguments of counsel, for the purpose of making up our independent judgment upon the merits of the case, leads us to agree with the court below.

As to the charge of cruel and barbarous treatment which, as recently stated again in Auerbach v. Auerbach, 98 Pa. Superior Ct. 369, must be such personal violence or the reasonable apprehension of it as shall endanger life, the proof failed utterly.

As to "indignities to the person," all the judges who heard the case agree that this ground for divorce has not been established by that clear and satisfactory evidence which the law requires. A discussion of the evidence would result only in unduly extending this opinion without serving any useful purpose. The parties are descendants of two prominent families and seem to have started their married life under the most favorable auspices. In the words of the court below, their true difficulty seems to have been that they "had never become adjusted to the marital relation, and that the fundamental principle of mutual forbearance upon which the relation can endure was never practiced." Evidently libellant is a very industrious man, but high strung and nervous, and his actions caused his wife and those about him to become nervous and ex-

cited. We cannot escape the conclusion that the acts of respondent upon which libellant relies as constituting a course of conduct which resulted in destroying his peace of mind and impairing his health and making impossible the accomplishment of the legitimate ends and objects of matrimony, were mostly brought about by his own unjustifiable conduct. Many of the acts of which he complained were of an exceedingly trivial character. On the whole the illtreatment complained of was not of a serious character and did not constitute such a long continued course of unprovoked illtreatment as to render his condition intolerable. Notwithstanding the extended and able oral argument of the learned counsel for appellant in support of the contention that his client is entitled to be released from the marital tie, we feel that the decree must be affirmed, and that, in the words of the learned president of the court below, "the most that can be said of the libellant's case has already been said in Stoeser v. Stoeser, 73 Pa. Superior Ct. 321; 'The antagonistic relation between the parties is based upon trivial causes which have been magnified by frequent repetition and their unhappy life has been due to unwarranted exhibition of bad temper and a lack of tact in dealing with conditions frequently incident to the married relation.' "

The assignments of error are overruled, and the decree is affirmed at the costs of appellant.