## Jardon v. Jardon

*Theodore R. Gardner,* for libellant.

*M. Jack Morgan,* for respondent.

HENNINGER, P. J., March 15, 1948.—Libellant is suing for divorce on the ground of desertion and indignities. The case of indignities was stated in the language of The Divorce Law of May 2, 1929, P. L. 1237, with the types of indignities recited from Breene v. Breene, 76 Pa. Superior Ct. 568, 572. Libellant later filed a bill of particulars, in response to a demand therefor and to that bill of particulars respondent ruled libellant for a more specific bill of particulars. Libellant elected to stand upon the bill already filed and the matter is now before the court for decision.

Respondent has cited in support of her rule the cases of Meinel v. Meinel, 109 Pa. Superior Ct. 143; Headland v. Headland, 88 Pa. Superior Ct. 417, and the famous case of Esenwein v. Esenwein, 312 Pa. 77. The Headland and Esenwein cases stress the need of particularity in proof of charges in divorce actions, but have no reference to particularity in pleadings. The Meinel case refers to a bill of particulars of 11 pages as being of "undue length".

An unfortunate quotation in Weedon v. Weedon, 34 Pa. Superior Ct. 358, 362, from 3 Ency. of Pleading and Practice, 519, 532, has led to the belief that a libellant must name the witnesses by whom he intends to prove his case. As we pointed out in Charlesworth v. Charlesworth, 62 D. & C. 377, we do not believe that the Superior Court intended to prescribe everything mentioned in the quotation.

Our esteemed contemporary, President Judge Harold G. Knight of Montgomery County, has set standards for bills of particulars in two recent cases. In Corson v. Corson, 55 Montg. 102, 103, he states:

"Where indignities to the person is the cause relied upon, it is often impossible to give specific dates, times, and places, for indignities to the person consist of a

course of conduct, an accumulation of incidents and acts, which render the condition of the libellant intolerable and life burdensome."

In Brown v. Brown, 59 Montg. 286, 287, he states:

"The respondent, however, is entitled to know, with such reasonable particularity as the circumstances permit, the details of the charges made against her.

"Here the bill states the respondent treated the libellant in an abusive and disrespectful manner: of what did the abuse consist? How was the disrespect manifested? The bill states that respondent called him, libellant, vile names: what were the names? The bill states that she threatened his life: when, where and how did she threaten his life, and how often? She is charged with causing the libellant great humiliation and distress, by appearing in his presence in the company of other men: who were the men, and what the circumstances? She is charged in the bill generally with 'insufferable conduct': what was this conduct?"

Applying the Corson and Brown cases to ours, we find some of the particulars sufficiently specific while others require greater particularity. We take the words "constant nagging, personal abuse, embarrassment and humiliation" not to be charges in themselves, but to be descriptive of the charges to follow and no good purpose could be served by requiring libellant to plead the names of women concerning whom libellant says respondent made *false* charges of infidelity.

As to the other items, there are some that could be more specific, but all the more serious ones either have dates set or dates ascertainable by reference to other events, whose dates are known to both parties.

When we have eliminated the items whose further specifications would unduly encumber the pleadings and those that are sufficiently pleaded, the remainder do not justify making the rule absolute. We believe respondent will not be prejudiced by this ruling: Charlesworth v. Charlesworth, supra.