# Forrester *v.* Forrester, Appellant.

*Divorce—Cruel and barbarous treatment—Evidence—Sufficiency.*

Courts ought never to sever the marriage contract except where the application is made in sincerity and truth for the causes set forth in the libel, and fully sustained by the testimony. The marriage should never be dissolved without clear proof of imperative reasons.

In an action for divorce on the ground of cruel and barbarous treatment a decree of divorce is properly refused where, although evidence was produced of many petty and trifling incidents which would be a reasonable cause for temporary differences between the parties, nevertheless it also appeared that they continued to live together for a number of years, during which time three children were born to them.

In the granting of a divorce on the ground of cruel and barbarous treatment and indignities to the person, the evidence should be very clear and unambiguous.

Argued April 20, 1921. Appeal, No. 97, April T., 1921, by respondent, by decree of C. P. Westmoreland County, Nov. T., 1919, No. 411, in the case of Thomas W. Forrester v. Bertha Evelyn Forrester. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Libel in divorce on the ground of cruel and barbarous treatment. Before McCONNELL, P. J.

The facts are stated in the opinion of the Superior Court.

The case was referred to Edgar R. Shirey, Esq., as master, who recommended that a divorce be granted. On exceptions to the master's report, the court dismissed the exceptions, and granted a divorce.

*Error assigned* was the order of the court.

*Rabe F. Marsh,* and with him *Benjamin H. Thompson,* for appellant.

*Glenn N. Machesney,* and with him *Horace G. Durbin,* for appellee.

Opinion by Orlady, P. J., October 7, 1921:

The cause alleged for divorce in this case is "cruel and barbarous treatment and indignities to his person rendering his condition intolerable and life burdensome, thereby forcing him to withdraw from the fellowship and society of his wife and family."

A bill of particulars was asked for and filed, when a master was appointed who took testimony, which is returned for our consideration in one hundred and seventy-five pages of printed record.

The master in his report recommended that a decree for divorce be made, when exceptions were filed and argued; the court below overruled them and entered a decree of divorce, from which the respondent appeals. The libel was filed October 9, 1919.

The testimony of the husband exhibits an attitude which was fairly described by witnesses, viz: "He acted as if he was tired of her, seemed sore, unsociable, did not talk, was morose and sullen."

While his recited grievances began soon after his marriage, they continued to live together for eleven years. Their first child was born April, 1909, but died a few weeks thereafter. A second child was born September, 1910, and a third March, 1914.

The court in analyzing the testimony says: "Both parties in their treatment of each other have manifested a hostile and antagonistic spirit toward each other, for almost all the witnesses testify to a show of frigidity as well as the parties themselves, but the responsibility for the bringing on of that condition of things is the more important inquiry under the issue to be adjudicated."

In the master's report, we find as a finding of fact, the following: "Under all the testimony, it is clear that the respondent suffered some indignities, part of them thrust upon her by her own conduct. The master is not sure

she suffered a constant and long continued course of indignities and her side of the case absolutely fails to meet the statutory requirement for the granting of divorce to a wife on the ground of indignities as her husband's conduct at no time forced her to withdraw from his house and family."

This conclusion is entirely foreign to this issue. She is not asking for a divorce, but the husband is the moving party. His right to a decree is to be determined by the facts as he develops them in the record.

While there are many petty and trifling incidents mentioned that would be a reasonable cause for temporary irritation, their continued living together and rearing children is an apparent answer to the grievous character of his complaints. It is but fair to note that every material allegation made by the husband was positively denied or explained by the wife.

There is no suggestion of impairment of his health by the alleged treatment of his wife; he was successful in his business; the master finds him to be a man of splendid physique; his interest in outside affairs was exhibited by the testimony, and his letter offered in evidence, describes his attractive engagements in social affairs.

His criticism of his wife's care when he was ill; her treatment of the children when they were sick; employment of a surgeon of exceptional fame to care for the child against his wish, her refusal to speak to him on certain occasions; pawning her engagement ring to pay for a physician's bill and like matters when considered in the light of testimony of a number of neighbors, and servants who all joined in commending her as a good housekeeper, a fine mother and a home loving, Christian woman, detracts very much from the weight to be given to his testimony in describing the incidents to which he refers.

It is not necessary to review the testimony in detail. We have carefully considered all of it, and despite the fact that a divorce was recommended by the master, and

his recommendation affirmed by the court below, we do not find sufficient evidence in this record to warrant an affirmance of this decree.

The authorities are so numerous that it is not necessary to review them. We have said many times that in the granting of a divorce on the ground of cruel and barbarous treatment and indignities to the person, the evidence should be very clear, and unambiguous.

"Courts ought never to sever the marriage contract but where the application is made in sincerity and truth for the causes set forth and no other, and fully sustained by the testimony." The marriage should never be dissolved without clear proof of imperious reasons: Hexamer v. Hexamer, 42 Pa. Superior Ct. 226; Ponthus v. Ponthus, 66 Pa. Superior Ct. 257; Lacock v. Lacock, 74 Pa. Superior Ct. 378; Biddle v. Biddle, 50 Pa. Superior Ct. 30; Wark v. Wark, 73 Pa. Superior Ct. 274.

We cannot relieve the unfortunate situation in which these parties are placed, and all that we decide in this opinion is, that the husband has not made out his case, under the authorities, to justify a dissolution of his marriage with his wife.

The decree of the court below is reversed; all costs to be paid by the appellee.