# Altwater, Appellant, *v.* Altwater.

*Divorce—Desertion—Evidence—Insufficiency.*

In an action for divorce on the ground of cruel and barbarous treatment and indignities to the person, a divorce is properly refused, where the libellant has failed to meet the burden upon him to produce such evidence as would induce the court or jury to believe the truth of the complaint.

Domestic disputes which so frequently arise are not made a cause of divorce unless they have the magnitude and importance of actual personal violence, or the reasonable apprehension of it, or such indignities to the person as to render one's condition intolerable and life burdensome, and that is something more than the frivolous disposition and susceptibility to sudden anger or a failure at times to exercise an affectionate disposition.

Argued April 23, 1923.   Appeal, No. 40, April T., 1923, by libellant, from judgment of C. P. Allegheny County, April T., 1921, No. 1504, dismissing libel in divorce in the case of W. G. G. Altwater v. Harriet E. Altwater.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Libel in divorce.   Before CARPENTER, J.

The case was referred to Wilbur L. Austin, Esq., as master, who recommended that a divorce be granted.

On exceptions to the master's report the court sustained the exceptions and refused to grant the divorce. Libellant appealed.

*Error assigned* was the order of the court.

*Waldo P. Breeden,* for appellant.

*J. P. Fife,* of *Douglass, Fife & Young,* for appellee.

OPINION BY HENDERSON, J., July 12, 1923:

The basis of the appellant's action is cruel and barbarous treatment and indignities to the person as set

forth in the libel. The testimony is voluminous and we have carefully considered all of it. The complaint is supported largely by the testimony of the libellant and a sister who lived with him for a short time about two years before the libellant left his home. The reading of the evidence of the appellant gives the impression that the facts on which he relies are described in extravagant terms and are multiplied by the repetitions indulged in. The cruelty alleged and prominently displayed in the evidence consisted of an attempt to throw a plate at the libellant and a threatening demonstration by the respondent with a butcher knife. There was also evidence by the complainant and his sister that the respondent had struck the former with her fist. These occurrences seem to have taken place about two years or more before the complainant separated from his wife. The acts described evidently did not put the appellant in fear, nor were the physical demonstrations of such violence or repeated occurrence as under the circumstances would warrant a decree of divorce. The charges referred to were all denied by the respondent and she was corroborated to a considerable extent by other witnesses. The contradiction is so direct and emphatic as to leave the reader of the evidence in much doubt whether a threat of violence was made. As the complainant continued to live in the same house and occupied the same room with his wife for about two years after the occurrences relied on, the assumption is reasonable that his separation was not the result of the urgency of his experience in the matter of the alleged assaults.

The indignities to the person described in the evidence consisted of abusive epithets alleged to have been applied by the respondent to the libellant and some of his relatives, the continued and excessive use of intoxicating liquor, the exhibition of a violent temper in the presence of the libellant and other persons, and the indulgence in a nagging disposition toward the libellant. As in the case of the charge of cruelty the case depends to a very

large degree on the testimony of the complainant and his sister. The use of abusive language is strongly denied by the respondent, and other members of the household who had an opportunity to observe the domestic life of the parties support her denial. The weight of the evidence is with the respondent on the charge of the use of liquor. The complainant and his sister alleged that at different times the wife became intoxicated, but unless other evidence in the case which seems to be entitled to weight is to be disregarded this charge is unfounded, and the lack of circumstantial support for it has a tendency to weaken the case for the complainant with respect to other parts of the case. It is doubtless true that the respondent is a person of "quick temper" who takes affront easily, but this is an infirmity of nature which the law does not recognize as a ground for divorce, and this may be also said of the nagging disposition charged. Domestic disputes which so frequently arise are not made a cause of divorce unless they have the magnitude and importance of actual personal violence, or the reasonable apprehension of it, or such indignities to the person as render one's condition intolerable and life burdensome, and that is something more than the annoyance of a frivolous disposition and susceptibility to sudden anger or a failure at times to exercise an affectionate disposition.

The burden was on the complainant to establish a case by clear and satisfactory evidence. Divorces are only to be granted on such weight of evidence as induces the court or jury to believe in the truth of the complaint. This burden the appellant has not discharged. The learned judge of the court below reached a correct conclusion on the evidence.

The decree is therefore affirmed at the cost of the appellant.