## Gourley v. Gourley

*Guy C. Christy*, for libellant.

*Harry C. Golden*, for respondent.

GRAFF, P. J., October 19, 1935.—The libellant filed the libel in this case March 29, 1935, charging the respondent with being guilty of cruel and barbarous treatment and indignities to the person. After hearing bef 're the master an absolute divorce was recommended. The matter now comes before us upon exceptions to the master's report.

The libellant, David B. Gourley, and the respondent were married on September 3, 1918. Two days after this marriage said libellant joined the United States Army, and returned from that service on May 6, 1919, and thereafter lived with the respondent for a number of months in Freeport Borough. Thereafter they lived in Allegheny County, and in 1931 moved to Weinel's Cross-roads, Westmoreland County,, where they lived until February 2, 1935. Upon that date the libellant withdrew from their common home and established a residence in Apollo Borough, this county.

No difficulty of any consequence arose until some time in the early part of 1929. Thereafter the libellant testified the respondent nagged, criticized, and made assaults upon him; that she refused to permit him to attend meetings at a sportsmen's club, and accompany his brothers upon occasions. He further testified that she frequently criticized and humiliated him in the presence of relatives and friends, and at one time, while driving an automobile,

knocked his glasses upon the floor of the car; that she accused him of being dumb and lazy, and threatened to take his life; and further, that whilst riding in their automobile she complained of reckless driving. He further testified that in October or November of 1934 respondent struck him with a butcher knife, and cut his finger, and that prior to this time he, upon occasions, slept in a separate room, behind locked doors. He is corroborated to a certain extent by various witnesses, one of whom is the sister of respondent.

Upon the part of the respondent the treatment complained of is emphatically denied, and in this she is corroborated to a certain extent by her mother.

It is quite apparent that quarrels did take place upon numerous occasions, but it is also apparent that such were instigated by the libellant, as well as the respondent. The undisputed evidence, as given by physicians well known to the court, is to the effect that for the last 10 years the respondent has been of an extremely nervous disposition, and that such condition gradually grew worse, until the latter part of 1934, when she was confined to the St. Francis Hospital, in Pittsburgh, for treatment. She was released from this institution in January of 1935. Dr. Henninger, a well-known neurologist, found her to be afflicted with dementia praecox, of a paranoiac type. He is also corroborated in this diagnosis by Dr. McKee, of Kittanning. No question exists in the mind of the court but that the respondent is extremely neurotic, and has been during the major portion of her married life, and that this condition has been gradually growing worse.

Taking the libellant's testimony as verity, in the light of medical testimony we do not consider it sufficient to warrant the granting of a divorce. It is seriously questionable whether the respondent ever made any threats to take her husband's life. Undoubtedly they are both to blame for the unfortunate condition which now exists. After a careful examination of the testimony, we are of

the opinion that the case of Crock v. Crock, 96 Pa. Superior Ct. 377, is controlling in this case. What is said by the court upon page 382 in that case is equally applicable to the present:

"Our conclusion from a reading of the evidence is that libellant's proof is not so clear as to warrant a divorce on either ground set up in the libel. It is undisputed that for a considerable part of her married life respondent was a sick woman. The conduct of which libellant complains seems to have resulted largely from her highly nervous condition which, as he was well aware, was caused by her physical condition. The law does not recognize conduct resulting from such causes as a ground for divorce. The situation of the husband doubtless is, and has been, a most unfortunate one, requiring patience and forbearance, but the law does not recognize this as a ground for divorce. In the granting of a divorce on the ground of cruel and barbarous treatment and indignities to the person, the evidence should be very clear and unambiguous: Forrester v. Forrester, 77 Pa. Superior Ct. 364. The burden was on libellant to establish a case by that measure of proof. We cannot escape the conclusion that appellant has not discharged this burden."

Whilst the case is a most unfortunate one, yet we cannot escape coming to the conclusion that a divorce must be refused.

### Order

And now, October 19, 1935, the divorce prayed for is refused, and the libel dismissed, at cost of libellant.