Secor, Appellant, *v.* Secor.

Argued March 3, 1937. Be-
for KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD,
PARKER, JAMES and RHODES, JJ.

*E. Walter Samuel,* with him *R. Lawrence Coughlin,*
for appellant.

No appearance was made, nor brief filed, for appellee.

OPINION BY PARKER, J., April 19, 1937:
The libellant is seeking a divorce on the ground that

his wife wilfully and maliciously deserted him. The master recommended a divorce but the court below refused it and the husband has appealed to this court.

The parties were married on November 7, 1928, and lived together until November 21, 1931, when the wife left their common habitation. One child was born of the marriage. The question involved is whether the wife had reasonable cause for leaving.

"If a desertion occurs, as appears here, and is without sufficient legal, reasonable cause, it is presumed to be wilful and malicious, and if persisted in for two years or more, the injured party will be entitled to a divorce": *Strobel v. Strobel,* 100 Pa. Superior Ct. 536, 540. To justify a spouse in withdrawing from the family relation the cause must be such as would sustain a dissolution of the marriage bond if application were made therefor: *Laterza v. Laterza,* 124 Pa. Superior Ct. 103, 109, 188 A. 89. The burden of showing reasonable cause was here on the respondent: *Howe v. Howe,* 16 Pa. Superior Ct. 193, 198. The justification alleged by the respondent was cruel and barbarous treatment and indignities.

The respondent's case depends almost exclusively upon her own testimony and the admissions of the libellant. She testified that a short time after the marriage he accused her of misconduct with other men and infidelity. These charges were persisted in, not occasionally in a fit of anger but were so continued that they constituted a course of conduct. The libellant when on the stand admitted that he made the charges: "Q. Never accused her of being unfaithful? A. I don't know about that, perhaps I did say that, as she was. Q. Did you suspect her of infidelity? A. Yes, I did. My reason was that she flirted when out on the street." Then there was this significant testimony:

"Q. But what caused her to leave that time? A. A lot. I began to mistrust her and had reason to by her actions. I mistrusted her and she would not discuss things with me." He admitted that he tore in pieces a receipt book of the Prudential Insurance Company where the book had been receipted for by an agent with initials "J. C." and his wife did not promptly tell him the name of the agent. Notwithstanding his insinuations and charges as to her chastity he failed to produce a scintilla of evidence to support the allegations. Even his own testimony failed to disclose any particulars which constituted a legitimate basis for his charges. We must conclude that the charges were false. When such reflections upon a wife's character are made without foundation and persisted in so as to become a course of conduct, they constitute a species of indignities and when they are accompanied by other insulting and humiliating conduct may be sufficient to warrant a decree of divorce: *Aikens v. Aikens,* 57 Pa. Superior Ct. 424, 431. The wife also testified that he accused her of wasting his wages turned over to her and of making false accounts of her expenditures allegedly for household expenses. Here again the wife's testimony was corroborated by admissions of the husband or his failure to deny them, and the charges were disproved by the evidence. When the husband was out of employment or unable to earn a sum sufficient to support his wife and child, the wife, through her relatives, secured a position for him which he refused to accept. He failed to give any satisfactory reason for so doing. At times while they were living together the wife worked to support herself and child. She testified to a course of abusive conduct and language which was humiliating and insulting. In view of ad-

missions made we must also accept as true these charges of the wife.

The wife also testified to a continuous course of physical abuse which consisted of striking her. She charged that he struck her a short time before her child was born. These alleged physical attacks never took place in the presence of witnesses and her testimony in this respect was therefore not corroborated. We cannot say that the wife's charge of cruel and barbarous treatment was sustained by clear and satisfactory evidence, but it is not entirely without weight in the controversy.

The husband's position was not strengthened by his attitude with regard to the support of his child. Although he was under a court order to support the wife and child after the separation, he only contributed one dollar per week to both for a considerable time. Our conclusion agrees with that of the court below that the course of treatment by the libellant of his wife was such as to render the condition of any woman of any sensibility and delicacy of feeling intolerable and her life burdensome. Such being our conclusion the wife was justified in leaving her husband as she did.

The decree of the court below is affirmed at the cost of the appellant.