## Di Stefano *v.* Di Stefano, Appellant.

116

Argued March 10, 1943. Before KELLER, P. J., BALD-
RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and
RENO, JJ.

*Lemuel B. Schofield,* with him *W. Bradley Ward,* for
appellant.

*Nathan Agran,* with him *Arthur Cortese,* for appellee.

PER CURIAM, April 13, 1943:

This is an action in divorce brought by the husband,
alleging cruel and barbarous treatment and indigni-
ties. Testimony was taken before a master, who, after
a careful review, recommended the divorce on the ground
of indignities. The court adopted the recommendation
and a final decree in divorce was entered. Respondent
appeals.

Our independent examination of the testimony convinces us that the master correctly and fairly analyzed the evidence. It will serve no useful purpose to repeat it here. Suffice it to say, the false and totally unproven accusations of immorality, together with conduct maliciously designed to humiliate and embarrass libellant in his business and social life, made out a case of indignities. *Secor v. Secor,* 126 Pa. Superior Ct. 561, 191 A. 647; *Zonies v. Zonies,* 151 Pa. Superior Ct. 317, 30 A. (2d) 193.

A short reconciliation was effected between the parties after the libel was filed, but this did not mean an abandonment of the suit. *Epstein v. Epstein,* 93 Pa. Superior Ct. 398. After two weeks of good behavior, respondent resumed the indignities. We therefore regard the reconciliation merely as a factor to consider in determining whether the conduct, both before and after, was such as to make the marital status intolerable. *Nixon v. Nixon,* 329 Pa. 256, 198 A. 154.

There was evidence that libellant was not wholly without fault and that he, on one occasion, inflicted a rather serious assault on respondent. However, "We are not called upon to balance such an account of mutual delinquencies, but only to determine which party is least open to the charge of causing the situation." *Breene v. Breene,* 76 Pa. Superior Ct. 568, 573, 574; and we think libellant, with the aid of his witnesses and respondent's testimony, adequately satisfied and discharged the burden cast upon him.

Decree affirmed, costs on appellant.