McPhillips, Appellant, *v.* McPhillips.

Argued October 2, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*David Kanner,* for appellant.

*Frank M. Lissy,* with him *Morris L. Rush,* for appellee.

OPINION BY RENO, J., November 12, 1947:

Libellant charged his wife with indignities and desertion. The master recommended a divorce for desertion. The court below sustained the respondent's exceptions, refused a decree, and dismissed the libel. The libellant appealed.

Judge ALESSANDRONI, who wrote the opinion of the court below, placed the refusal of the decree squarely upon the ground that libellant had not sustained his case by the clear preponderance of the evidence. Our independent study of the evidence has brought us to the same conclusion.

Libellant is forty-two years old, his wife thirty-seven, and their son twelve. They were married in 1930, and separated on October 28, 1943. Libellant averred that the separation occurred on October 22nd, but convincing evidence is against him, and the true date is October 28th. Marital difficulties began in 1939, a separation in January 1942 was terminated by a reconciliation four months later, but harmony was not completely restored. The attentions which libellant was paying to a nurse who had attended his father in his last illness, and his

frequent absences from home in the evening and over week-ends were partially responsible for the family discord. He, too, complained of grievances, but the case as it reaches us calls for no decision or discussion of them.

The point which baffled the court below and us is: Who deserted whom? To this question, libellant did not furnish a clear and convincing answer. Notwithstanding libellant's repeated assertions that the separation occurred on October 22nd, we repeat that the evidence establishes October 28th as the correct date. He contends that upon his arrival home on October 22nd he found the furniture removed from the home, and the respondent absent. Her testimony is that early in October libellant began to remove his personal possessions, and left the house finally on October 19th, taking his clothing with him. She remained in the house and when he did not return or communicate with her, she had her furniture placed in storage, and with her son went to live with her sister on October 28th.

Libellant called no witnesses. Respondent's version was partially corroborated by a neighbor who testified that libellant had been absent from the home for more than two weeks before the respondent moved from it.

With the testimony upon the pivotal question in this shape, we adopt the statement of the court below: "Upon this record a determination of the fact of desertion by this court cannot be confidently rested. It is difficult, if not impossible, to resolve the contradictions which pertain to the very essence of the offense alleged as grounds for divorce. To sustain the allegations would be to resolve the issue of fact by conjecture." A marriage cannot be dissolved upon a doubtful balance of the testimony. *Jacobson v. Jacobson,* 154 Pa. Superior Ct. 449, 36 A. 2d 189.

Decree affirmed.