## Berger, Appellant, *v.* Berger.

Submitted October 7, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Albert S. Herskowitz,* for appellant.

*Herbert L. Floum* and *Herman Weiner,* for appellee.

OPINION BY ROSS, J., November 12, 1947:

The parties to this contested divorce action were married on March 17, 1924, and resided together until December 1930, when the libellant husband withdrew from the marital habitation. On March 17, 1936, he filed his libel in divorce alleging cruel and barbarous treatment and indignities to the person. He was required to file a bill of particulars and on May 11, 1936, an answer was filed. The master appointed by the court to hear the case recommended that the divorce be granted on the grounds alleged, but the lower court sustained exceptions to the master's report, dismissed the libel and this appeal was taken.

The libellant charged that his wife threw a footstool at him, called him foul names, threw his clothing out into the street, refused to serve him meals, made threats against his life, quarreled with him without provocation, forced him to move into a room on the third floor of their home and on various occasions threatened him with a knife. The respondent categorically denied these charges but made countercharges so fantastic and preposterous that we agree with the master that "the circumstances warrant a disregard of the respondent's evidence as not worthy of belief".

Libellant's difficulty is that he does not establish his charges by the clear and satisfactory evidence that is required to entitle him to a divorce. *Sleight v. Sleight,* 119 Pa. Superior Ct. 300, 181 A. 69; *Dash v. Dash,* 357 Pa. 125, 53 A. 2d 89. His testimony is indefinite and contradictory in many important details. By way of

illustration: he first testified, relative to threatening him with a knife, that this occurred only once. Later he testified that it happened five times and again that it happened only three times. He likewise was contradictory as to *years* in which various alleged events transpired. Without referring to any of his other testimony, similar contradictions and indefiniteness run through all of it. This results perhaps from the fact that his testimony refers to happenings nearly 20 years before the hearing, but the delay was of his own choosing.

A witness, 87 years of age, testified that once he had seen the respondent chasing the libellant with a knife in her hand, but went on to testify that they were always quarreling and constantly fighting. Another elderly witness testified that many times he heard the respondent threaten, saying, "I will take a knife and kill you". If the testimony of libellant had been clear and definite, this *might* be some corroboration, but on the whole record their testimony adds little to the libellant's case.

We attach no significance to libellant's delay of more than five years between his withdrawal from the home and the filing of the libel. In divorce actions, as in other actions, it is understandable that one may hesitate to resort to litigation. However, although the case was at issue on May 11, 1936, he did not present his motion for the appointment of a master until December 19, 1946 —nearly 11 years after the filing of the libel. This unexplained delay in prosecuting his action is a factor to be considered in evaluating his testimony and as bearing upon his contention that he is an injured spouse. From our examination of the entire record, it is our independent judgment that this is a "stale claim" without substance. Cf. *Wark v. Wark,* 73 Pa. Superior Ct. 274.

Decree affirmed.