## Hogue v. Hogue

John D. Ray, for libellant.
Clyde Holt, for respondent.

Sohn, J., January 30, 1948.—William H. Hogue filed a libel in divorce September 15, 1926, charging his wife, Verda Nulph Hogue, with desertion on July 13, 1925. A petition for alimony and counsel fees was filed March 24, 1926, to which an answer was filed and upon which a hearing was held. On June 4, 1926, an order was entered by Reader, P. J., directing libellant to pay to respondent as counsel fees, the sum of $50 and the sum of $10 per week as alimony pendente lite, during the pendency of said proceeding, or until further order of court. On July 9, 1926, an attachment was issued against William H. Hogue to answer of a contempt in not complying with the order of court. On August 27, 1926, defendant paid the sum of $135 and the attachment was dissolved.

On October 25, 1947, libellant, William H. Hogue, without securing a discontinuance of the previous libel, filed a libel in divorce at no. 182, December term, 1947, charging respondent, Verda Nulph Hogue, with desertion on September 20, 1925. On November 26, 1947, upon petition of respondent, we issued an attachment against William H. Hogue to answer of a contempt in not complying with the order of June 4, 1926. This attachment was delivered to the sheriff, who was unable to serve William H. Hogue until January 6, 1948. On that date, William H. Hogue appeared in Court Room No. 3, Court House, Beaver, Pa., as a party and witness at the taking of depositions in a proceeding involving an estate, in which William H. Hogue had an interest.

Counsel for libellant, William H. Hogue, moved to quash the attachment, contending that it was improperly issued without notice to libellant of the order of court requiring him to pay alimony pendente lite. Counsel for libellant further contends that the attachment should be set aside because the said William H. Hogue, being in attendance at a proceeding of the

court, was exempt from service. Counsel for libellant, William H. Hogue, has also moved for permission to discontinue the divorce action filed at no. 582, March term, 1926. We conclude that the motion to quash should not be granted because the record shows that William H. Hogue, in 1926, had actual notice of the order of court requiring him to pay alimony pendente lite. His answer to the petition under oath appears of record. Upon his failure to comply with the order directing him to pay alimony and counsel fees, an attachment was issued July 9, 1926, and on August 27, 1926, the court entered an order reciting the payment of $135 by William H. Hogue, and dissolving the attachment and discharging William H. Hogue.

In view of these facts, libellant cannot successfully contend that he had no notice of the proceedings and the order of court directing him to pay alimony pendente lite. In any event, libellant has appeared generally in this proceeding and thereby waived any defect, if such there be, in service.

Libellant also contends that the attachment should be dissolved because it was served on William H. Hogue while appearing as a witness. The residence of William H. Hogue is in Chippewa Township, in this county. He testified that he has lived there since March 1, 1927. The privilege or exemption afforded a witness applies to witnesses residing outside the Commonwealth of Pennsylvania, and appearing in Pennsylvania for the purpose of taking part in other judicial proceedings. We find no case where the privilege has been invoked as to a defendant resident of the county in which both actions are pending.

We have given consideration to libellant's motion to discontinue the first divorce case. We find no reason for granting this motion. An examination of the record shows the charge to be desertion in each case, and the only difference is in the allegation of the date of the alleged desertion. In the first case it is alleged to have

been July 13, 1925, and in the recent case, September 20, 1925. If the date alleged in the first libel is incorrect, it may be corrected by amendment. Whether a libellant should be permitted to discontinue a divorce action is a matter of discretion with the court. We are aware of the rule referred to in Berger v. Berger, 161 Pa. Superior Ct. 561, bearing on whether libellant is an injured spouse. Requiring libellant to proceed on the original libel will not adversely affect libellant's case in this regard. Our direction to libellant to proceed on the first libel will be without prejudice to the rights of libellant and respondent in any position they may take as to whether libellant is an injured spouse. As we view the situation, it is substantially the same whether libellant proceeds on the first or second libel. In any event, requiring libellant to proceed on the first libel shall be without prejudice to him in this regard to the extent that whether the action be tried on the first or second libel shall make no difference.

We are disposing of libellant's motions in this case so that the parties may proceed with the action. For the information of counsel, we believe when we come to a consideration of the disposition of the attachment, we will take into consideration the policy of the law as set forth by Judge Kelly in Chase v. Chase, 15 Dist. R. 131, where he said:

"But passing this technical objection and deciding the matter upon its merits, we do not think the respondent is entitled to have the decree for alimony enforced. The purpose of allowing alimony *pendente lite* is to furnish the wife with means of support while defending proceedings brought against her by her husband, or while conducting proceedings for a divorce instituted by her. But when the suit is ended the necessity for alimony has passed. The respondent here had the benefit of the services of able counsel, who defended her case successfully; she never took any steps

whatever to collect alimony during the course of the proceedings, and it can only be reasonably inferred that she got along very well without it. There was practically a final determination of the case in her favor before she took any steps to collect. Although there never has been a formal order dismissing the libel, yet such an order could only be moved for by her, and it is not for her to say that on that account the case is still pending. We think the case is covered by the opinion of Archbald, J. in this court, in Parfrey v. Parfrey, 2 C. P. 257, and that nothing can be profitably added to what he there said.

"It necessarily follows that the rule for increase of alimony must be discharged. And as to the rule to revoke the order allowing alimony, that may be discharged also. We refuse to enforce it at this late date, and it is, therefore, a nullity."

The opinion of Judge Archbald in Parfrey v. Parfrey, 2 C. P. 257, above referred to, is as follows (p. 259) :

"The petition for a divorce on the part of the husband has been dismissed and a divorce refused. We have thus declared, in favor of the wife, that the marital relations between the parties shall continue. Under the circumstances we can not see our way clear to award an attachment against the husband at the instance of the wife, for the arrears of alimony unpaid. The purpose of an allowance of temporary alimony is to afford the wife the means of subsistence, when she is either resisting a divorce applied for by her husband, or is conducting proceedings for a divorce on her own part. This arises out of necessity, since otherwise the husband would not only have an oppressive advantage, but to deny this assistance to the wife, might be to deny to her justice itself.

"But when the suit is ended, the occasion for this assistance is passed. Somehow she has obtained sup-

port pending the suit, without calling upon the court to enforce its order for support out of her husband. It is true, this may be due to credit extended to her by others, who may have no right of recovering against the husband as for necessaries furnished the wife (Graves v. Cole, 19 Pa. St., 173).

"But the order for temporary alimony is not made for them, but for the wife. Nor is it made to enable her to pay past debts, but to furnish her the means of support from day to day. *Non constat*, that the money, when paid to her will go to pay her debts. Its purpose is accomplished without that. We do not mean to say that the payment of arrears of alimony to enable a wife to pay debts contracted pendente lite for her support, will not in any case be enforced. If the wife were libellant, and an absolute divorce decreed, probably they would be with other costs in the case. But the ground on which the present decision is based, is that we are now, after the immediate purpose of and occasion for the order for temporary alimony has passed, and after it has been determined, that the relation of husband and wife must continue between these parties, called upon to make a further breach into their domestic relations, by attaching the husband at the wife's instance."

We do not now state what disposition we will make of the attachment. Such order must abide the event and be determined by the testimony offered. These, however, are matters to be considered by the court when action on the attachment comes before the court.

### Order

And now, to wit January 30, 1948, libellant's motion to quash the attachment is overruled; libellant's motion to discontinue the libel is denied. It is ordered and directed that libellant, William H. Hogue, appear before the court on Friday, February 6, 1948, at 9 a. m.