## Blose, Appellant, v. Blose.

Argued March 23, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Robert F. Jackson,* for appellant.

*R. Paul Lessy,* for appellee.

OPINION BY FINE, J., September 29, 1948:

Wesley E. Blose, appellant, instituted this action in divorce a. v. m. against Elsie M. Blose, appellee, alleging (1) indignities to the person and (2) cruel and barbarous treatment.[1] A bill of particulars was filed and the answer thereto denied all material averments. A master was appointed who held eighteen hearings, which extended over a period of thirteen months and resulted in a record of more than eighteen hundred pages. Much of the testimony is immaterial and sheds no light on the issue in the case. The master recommended that the libel be dismissed. This appeal is from the decree of the court below dismissing appellant's one hundred eighty nine exceptions to the master's report and dismissing the libel. Independent examination of the evidence clearly reveals that the decree was proper.

The parties, both approximately sixty-one years of age at the date of the first hearing, were married in Philadelphia on June 26, 1907, where, with the exception of two years, they lived together until 1924 when they moved to Ridley Township, Delaware County, their present residence, owned by the entireties. During all the hearings before the master the parties continued to reside in a common home and slept in adjoining rooms. Two children were born of the marriage and at the time of the hearings they had reached their majority, had married, and each was a parent of two children. Al-

---

[1] Appellant now concedes that the evidence does not sustain the charge of cruel and barbarous treatment.

though the libellant lived within one-half mile of his four grandchildren he was not certain of their names and sex.

Appellant charged and attempted to establish that appellee continuously made unfounded accusations of infidelity; used vile and opprobrious language; was extravagant and neglectful of household duties; instigated and encouraged conduct by others displeasing to appellant; and was constantly nagging, hateful and disdainful toward appellant.

The assertion that appellee's accusations of her husband's improper relations with other women and of his "running around" with them were wholly unfounded is disproved by the evidence. Appellant admitted being in the company of other women but vigorously denied any impropriety. In this he was corroborated by the testimony of some of the women involved. He admitted that he was in the company of a woman by the name of Roberts. There is credible evidence that he was in the company of another named Grace; that another woman circulated a story of her familiarity with him; that he received a post card and a letter from girls with whom he asserts he had only a passing acquaintance; that he took a Mrs. Jacoby and his wife to a picnic, without introduction, was exceedingly attentive to the former and ignored the latter. The libellant had reasons to know he was suspected of improper relations with Mrs. Frank Hines. Nevertheless he attempted no explanation when the appellee-wife chided him about the violent attack on him by Mrs. Hines' husband, resulting in his hospitalization. Although libellant at trial stated the Hines attack was unwarranted, at no time did he institute legal action to secure redress. Appellee readily admitted that she had accused appellant of "running around" with women and confronted him with names and dates. Her testimony was corroborated in this respect by others, particularly her son, who over a period of years had seen the appellant on various occasions with other women.

Several times appellee and her son together observed appellant in company of other women in circumstances which would normally incense and provoke a wife of ordinary sensibilities to confront and accuse her spouse of improper relations. Appellee's requests for an explanation of these incidents were ignored; he refused to offer any explanation or discuss them in any way. Regarding the voluminous testimony on this phase of the case, the court below aptly said: "Even admitting that there was nothing improper in the libellant's attentions to these women, it is conceivable that any woman would have felt justified in demanding an explanation. The explanations were not forthcoming . . . and she admits that these occurrences were responsible for her outbursts."

Of course, continuous unfounded accusations of infidelity when accompanied by other degrading or humiliating conduct and when persisted in sufficiently long to become a course of conduct are sufficient to make out a case of indignities to the person: *Fullwood v. Fullwood,* 156 Pa. Superior Ct. 409, 40 A. 2d 876; *Wittmer v. Wittmer,* 151 Pa. Superior Ct. 362, 30 A. 2d 174; *Grasso v. Grasso,* 143 Pa. Superior Ct. 293, 18 A. 2d 112; *Fishman v. Fishman,* 134 Pa. Superior Ct. 217, 4 A. 2d 543. But where, as here, the accused spouse so conducts himself with other women that the wife has reason to be suspicious, her accusations furnish no support to a charge of indignities to the person. In *Abbott v. Abbott,* 75 Pa. Superior Ct. 483, at page 502, this Court said: "If he gave her occasion to suspect his behavior, he cannot be heard to complain of that which his conduct provoked." See *Manzi v. Manzi,* 112 Pa. Superior Ct. 332, 171 A. 92; *Wick v. Wick,* 352 Pa. 25, 42 A. 2d 76; *Mcrell v. McKrell,* 352 Pa. 173, 42 A. 2d 609. It would be arbitrary to conclude that these matrimonial difficulties stemmed from an unreasonably jealous and irrational wife, as appellant would have us believe, and not from any act or course of conduct on

his part. It clearly appears that trouble between the parties could have been easily remedied if the husband had acted discreetly. It cannot definitely be said that the evidence adduced at trial by appellant should have satisfied appellee that her prior suspicions were unfounded. In any event it is immaterial. In *McKrell v. McKrell*, supra, 182, the Court said: "Her statement at the trial, that she did not then believe the rumors and her suspicions regarding his infidelity were true, does not remove from this case the circumstances upon which her prior assumption had been based."

The testimony with regard to appellee's vile and opprobrious language and the charges of her extravagance and neglect of the household, most of which was denied by the appellee, wholly fails to establish a cause for divorce. Only one witness corroborated appellant's charges of misconduct by his wife, and only as to several isolated incidents. The witness, Mrs. Gaskill, stated that appellee called appellant a "son of a bitch" "more than once" and a "dirty good for nothing" "not too frequently". However, it clearly appears that such language was used by appellee only when provoked by appellant's conduct. There is ample credible evidence that appellant was frequently profane in his speech toward appellee. In *Viney v. Viney*, 151 Pa. Superior Ct. 86, 29 A. 2d 437, this Court said (p. 89): "If libellant provoked the name-calling, or it occurred in the midst of quarrels participated in by both parties, it is in no wise a proper instance of indignities on the part of respondent." Cf. *Castner v. Castner*, 159 Pa. Superior Ct. 387, 48 A. 2d 117. Testimony regarding extravagance of the wife is seriously controverted, and decidedly unimpressive. Extravagance, unrelated to a willful intention to humiliate, is not evidence which will warrant a divorce on the ground of indignities to the person: *Hepworth v. Hepworth*, 129 Pa. Superior Ct. 360, 195 A. 924; *Othmer v. Othmer*, 158 Pa. Superior Ct. 384, 45 A. 2d 389.

The irritating acts of nagging, petty quarrels, and lack of affection about which appellant complains are not considered indignities under the laws of Pennsylvania. The testimony discloses that many of the incidents, most of which were insignificant and occurred from the time of their marriage in 1907, were largely provoked by him and can avail him nothing. Cf. *Altwater v. Altwater*, 81 Pa. Superior Ct. 359; *Esenwein v. Esenwein*, 312 Pa. 77, 167 A. 350; *Mathias v. Mathias*, 114 Pa. Superior Ct. 444, 174 A. 821; *Wile v. Wile*, 48 Pa. Superior Ct. 494.

The burden cast upon appellant of establishing his charge of indignities to the person by clear and satisfactory evidence has not been met: *Dash v. Dash*, 357 Pa. 125, 53 A. 2d 89; *McPhillips v. McPhillips*, 161 Pa. Superior Ct. 420, 55 A. 2d 421; *Berger v. Berger*, 161 Pa. Superior Ct. 561, 55 A. 2d 550. "In a proceeding dissolving a marriage contract, the case is not to be disposed of on a doubtful balance of the evidence nor upon unsubstantial inferences. There must be a presentation of a clear and satisfactory case on which the determination of the court may be confidently rested, and one who would win in a case of this character must be clear of everything which is charged as a cause of separation against the opposite party: Edmond's Appeal, 57 Pa. 232; Angier v. Angier, 63 Pa. 450": *Rommel v. Rommel*, 87 Pa. Superior Ct. 511, 513; *Stein v. Stein*, 119 Pa. Superior Ct. 276, 278, 180 A. 763; *McKrell v. McKrell*, 352 Pa. 173, 183, 42 A. 2d 609.

It is significant that the parties lived together in the common home during the prolonged hearings before the master and while the case was being considered by the court below. "If one physically and financially able to leave the common home continues to stay there, it may have some bearing on the *intolerableness* of his condition and the *burdensomeness* of his life": *Cunningham v. Cunningham*, 119 Pa. Superior Ct. 380, 381, 181 A. 458.

We are all of the opinion that the evidence fails to clearly and satisfactorily establish that the libellant is "the injured and innocent spouse" within the meaning of The Divorce Law.

Decree affirmed.