## Sieno, Appellant, *v.* Sieno.

Argued October 7, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

480

*Bernard R. Cohn*, for appellant.

*Oswald N. Bucci*, with him *Bucci & Bucci*, for appellee.

OPINION BY HIRT, J., November 10, 1948:

From an independent appraisal of the record in this case we find ourselves in agreement with the conclusion of the lower court that the evidence does not make out a case of indignities, the sole ground for divorce charged in the libel. The order dismissing the libel will be affirmed.

The parties were natives of Italy. Twenty-one years after their marriage here, the libellant left the respondent on August 20, 1947. Their differences were not financial. Libellant was steadily employed as a tailor and out of his earnings of about $50 per week he adequately provided for his wife and his two sons according to his means. This is admitted. Since the separation he has been paying $20 per week for the support of respondent and one son. It was libellant's conduct in other respects that was irregular; he is chargeable with more serious acts of indignities affecting his wife than he suffered from her. Libellant apparently was hard put to make out a case. It is significant that his testimony tends to substantiate only two of the ten allegations of his bill of particulars.

The dissension between the parties all stem from respondent's conviction that libellant was intimate with a number of other women, over a period of years. There was more than a reasonable basis for her suspicion of his infidelity (Cf. *Ponthus v. Ponthus*, 66 Pa. Superior

Ct. 257) although he denied the aspersion. For a number of years immediately preceding the separation he usually went out alone at night and frequently did not return home until early morning. According to respondent's testimony he boasted of his relations with other women, particularly with one Laura Tornado and he was found in her house on one occasion by respondent and another witness. Lipstick on his linen and contraceptives in the pockets of his clothes were found by respondent a number of times between 1939 and the date of the separation. He admits the facts but his attempt to put an innocent construction upon them is beyond belief. This conduct of libellant was the subject of frequent quarrels and name-calling. The calling of names was not one-sided and does not charge respondent with misconduct in support of the charge of the libel. Indignities provoked by the conduct of the complaining spouse, are not grounds for divorce. *Viney v. Viney*, 151 Pa. Superior Ct. 86, 29 A. 2d 437.

Moreover, the fact that libellant returned to his home after the separation of August 20, 1947 and spent three days there with the respondent casts doubt on his sincerity in seeking a divorce upon the ground alleged. Cf. *Nixon v. Nixon*, 329 Pa. 256, 198 A. 154.

We have not ignored the recommendation of the master that a decree be entered. The master characterized the libellant as "a quiet, mild mannered man" and the respondent as apparently "emotional and extremely belligerent." The master's favorable impression of the libellant and his unfavorable impression of the respondent cannot supply the deficiencies in the proofs in this case essential to a decree in his favor. Cf. 2 Freedman Marriage and Divorce, § 761. Mild manners and an adulterous disposition are not incompatible human traits. And a woman may have a sharp tongue and still tell the truth. The conclusion of the master does not follow from his review of the testimony and it is not supported by the facts.

The order dismissing the libel, is affirmed.