## Cunningham *v.* Cunningham, Appellant.

Argued March 25, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*George O'Dougherty,* with him *A. Samuel Buchman,* for appellant.

*Samuel Kagle,* for appellee.

OPINION BY GUNTHER, J., October 1, 1952:

In this divorce action the master recommended that a divorce be granted to plaintiff husband on the ground of indignities. The court below dismissed defendant's exceptions to the master's report and entered a decree in divorce. Defendant wife has appealed.

Appellant complains that appellee has failed to make out a case of indignities by clear and satisfactory evidence, and that appellee is not an "injured and innocent spouse".

The parties in this unhappy marriage were married on January 25, 1941, and finally separated on January 25, 1949. A determination of the main question as to whether appellee's evidence is sufficient to make out a case of indignities depends upon a determination of the subsidiary question regarding credibility of the parties. The master and the court below, after careful appraisal of the evidence, resolved the

issue of credibility in favor of appellee. With this conclusion we concur. Our own independent examination of the record discloses that appellant's testimony is highly contradictory, grossly exaggerated and patently inconsistent as regards material issues of the case sufficient to warrant viewing it all with skepticism. Her testimony does not have the "ring of truth" which is so often, as here, a crucial test. A typical example of her contradictions and evasiveness appears in her testimony in regard to the charge of appellee concerning her unfounded accusations of infidelity. Appellant was questioned at length concerning these matters and in several parts of her testimony absolutely and categorically denied making such charges. In other portions she admitted making such accusations. This is the type of divorce case which clearly does not warrant a further and extended discussion of appellant's contradictions and inconsistencies, nor a detailed resume of the indignities caused by the wife. It is enough to say that after a thorough review of the evidence we are all agreed that there is abundant evidence establishing a course of conduct making appellee's condition intolerable and life burdensome. It is a fair appraisal of the evidence to say that appellant was of a highly jealous, argumentative and hysterical nature. There appears the usual name-calling, extensive testimony wherein appellant over a course of many years falsely accused appellee of infidelity, told appellee on many occasions she did not love him, embarrassed and humiliated him in the presence of mutual friends at social gatherings and at public places, struck him with boots, slippers and umbrellas, inflicting injuries upon him, and during these quarrels challenged appellee to strike her back so that she could have him arrested, refused to prepare meals, stayed away for periods of time without explanation,

tossed appellee's clothing throughout the apartment and on one occasion tore and damaged them, and just prior to the final separation struck appellee over the right eye with a hand mirror. Strong and persuasive corroborating testimony was given by a Mr. and Mrs. Krummer who were the landlords of the parties and who lived in an apartment below the parties for approximately three years. Mr. and Mrs. Krummer testified on behalf of appellee that the quarrels had become so acrimonious that the parties were asked on several occasions to look for another apartment for the reason that the quarrels and arguments were disturbing other tenants and themselves almost beyond endurance. Mr. Krummer testified that on one occasion appellant came down to see him after a quarrel and at that time admitted that she was the cause of all the arguments and tried to excuse her conduct on the ground that she was overly jealous of her husband. Much ado was made in the testimony concerning possession and use of an automobile, together with disputes over the ownership of a bank account. Cf. *Urffer v. Urffer*, 154 Pa. Superior Ct. 379, 383, 35 A. 2d 580.

Appellant's contention that appellee is not an "injured and innocent spouse" is without merit. Indignities are not a cause of divorce when they are provoked by the complaining party, provided the retaliation is not excessive. It is also true that when the accusing spouse so conducts himself with other women that the wife has just reason to be suspicious, her accusations furnish no support to the charge of indignities to the person. *Parcella v. Parcella*, 165 Pa. Superior Ct. 218, 67 A. 2d 576; *Blose v. Blose*, 163 Pa. Superior Ct. 322, 61 A. 2d 370. The evidence clearly establishes that appellant has offered no substantial testimony in support of her suspicions warranting her continuous tirades wherein she falsely accused appel-

lee of infidelity. There was some evidence that appellee was not completely without fault, and we do not mean to pose him as a paragon, but as was said in *Di Stefano v. Di Stefano*, 152 Pa. Superior Ct. 115, at 117, 31 A. 2d 357: "However, 'We are not called upon to balance . . . mutual delinquencies, but only to determine which party is least open to the charge of causing the situation.' Breene v. Breene, 76 Pa. Superior Ct. 568, 573, 574; and we think libellant, with the aid of his witnesses and respondent's testimony, adequately satisfied and discharged the burden cast upon him". Appellee is entitled to a divorce on the ground of indignities.

Decree affirmed.