Opinion by
Watkins, J.,
This is an appeal from the decision of the Court of Common Pleas of Allegheny County granting a divorce a.v.m., to the plaintiff-appellee, Salvatore E. DiTroia, from the defendant-appellant, Stella I. DiTroia, on the ground of indignities to the person.
The parties were married on August 8, 1932 and resided in Pittsburgh, Pennsylvania until sometime in April, 1955 when the husband left the domicile because of alleged indignities. There was one child of the mar *9 riage, a daughter, Dolores Elaine Scolzo, born July 20, 1983, who resides with her husband in Pittsburgh.
It is made quite clear in the opinion of the court below that the defendant’s exceptions to the master’s report recommending the divorce were dismissed because of the confidence the court had in the master’s careful review of the testimony and discussion of the law of the case; and the weight he gave to the disposition of credibility by the master. We have held many times that the opinion of the master should receive great consideration as the court reviews the record de novo. Bailey v. Bailey, 199 Pa. Superior Ct. 534, 185 A. 2d 632 (1962).
The applicable principles of law as to indignities to the person have been repeated so often that it is useless to restate them here. If credibility is resolved here in favor of the husband we must examine the record and apply the established principles of law to the evidence. There is no question that if the testimony of the plaintiff and his witnesses is believed and the testimony of the defendant, in the words of the master, strained the master’s “credulity” and “her denials of other testimony are too vehement and sweeping to be believable”, then a case of indignities to the person is made out.
The course of conduct related by the husband and his witnesses discloses that she subjected her husband to a combination of utter contempt, disdain, neglect, vulgarity, ridicule, unmerited reproach, temper tantrums, violence and a clear manifestation of settled hate and estrangement which constitute indignities to the person as defined by this Court in a long line of cases. D’Alessandro v. D’Alessandro, 187 Pa. Superior Ct. 194, 144 A. 2d 445 (1958).
The testimony discloses that she physically abused him on many occasions, causing him bodily harm, and threw various objects at him such as coffee pots con *10 taining boiling hot coffee, picture frames, vases, and a cookie jar; her continuous nagging and temper tantrums ; her continuous accusations of alleged improprieties with other- women and more especially with Mrs. Falco; that she constantly called him vile and vulgar names; that she scratched and lacked him on many occasions; that she ordered him out of the house and publicly embarrassed him by shouting that she didn’t want him in the house and thought more of her brother than her husband; and that his health was affected by this continuous treatment so that he was driven on one occasion to attempt suicide.
The only serious problem that remains for disposition in this case is whether the husband was an injured and innocent spouse. It was his burden to show himself to be such. The wife in her testimony pictures herself as blameless but her testimony bespeaks her unreasonable jealousy. She blamed a Mrs. Falco, an admitted friend, of being responsible for breaking up her marriage. Both Mr. and Mrs. Falco appeared' as witnesses for the husband and readily admitted a close friendly relationship between the families for a long time and that the bad feeling between the two women was of recent origin. A close examination of their testimony, and particularly that of Mr. Falco supports the master’s finding that the relationship between the plaintiff’s husband and Mrs. Falco was an innocent one. We agree with the master that the wife’s testimony “was. vague, exaggerated, contradicting and most unbelievable”, and give weight to his conclusion that “her demeanor on the stand as well as her testimony substantiated many of plaintiff’s statements concerning her”:
The master permitted the introduction into the record of a number of pornographic pictures which the wife testified she had found in an old overcoat that her husband had told her to get rid of two years before. *11 They were, to put it mildly, lurid exhibits displaying the lower portion of a female body. They were pictures of a woman’s private parts and two male hands on her thighs, one on each side. No evidence was offered as to the time the pictures were taken, the place where they were taken, the circumstances involved or the identity of the parties involved in these pictures. The contention of the wife is that an inference can be madé from two of the pictures that the hands appearing in the pictures are those of her husband because of a leather wrist watch band on the one wrist and because the one hand shows the loss of the index finger. There was no evidence other than this to indicate that the hands in the picture belonged to one person. The husband had lost his index finger on the same hand. The master dismissed the probative value of the pictures by saying: “The watch and band are standard items purchasable in any store and in no way unique. Numerous people have a part of a finger missing.”
Except for the provisions in the divorce law authorizing recrimination of adultery against adultery, the doctrine of recrimination is not recognized as such in Pennsylvania. Freedman, Law of Marriage and Divorce in Pennsylvania, Vol. 2, §394. Even if we accept the inference contended for by the wife that the hands were those of her husband, this incident, standing by itself, would not be sufficient to hold him not to be an injured and innocent spouse. We are not called upon to balance mutual delinquencies but only to determine which party is least open to the charge of causing the situation. Breene v. Breene, 76 Pa. Superior Ct. 568 (1921). There was nothing to indicate that the actions of the wife were provoked by this incident. Certainly there was evidence that the husband was not completely without fault and “we do not mean to pose him as a paragon”. Cunningham v. Cunningham, 171 Pa. Superior Ct. 577, 581, 91 A. 2d 301 (1952). See also: *12 Horton v. Horton, 170 Pa. Superior Ct. 209, 212, 85 A. 2d 602 (1952); Bass v. Bass, 198 Pa. Superior Ct. 10, 14, 179 A. 2d 674 (1962).
Decree affirmed.