## Bothe, Appellant, v. Bothe.

Argued December 14, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Louis D. Stefan,* with him *Foulke, Knight, Stefan & Timoney,* for appellant.

*Morris Gerber,* with him *Alan E. Boroff,* and *Wisler, Pearlstine, Talone & Gerber,* for appellee.

OPINION BY JACOBS, J., March 24, 1966:

In this case the husband plaintiff seeks a divorce on the grounds of adultery and indignities to the person. After hearing testimony on four separate days the master recommended that the complaint be dismissed. Plaintiff's exceptions to the master's report were dismissed by the court en banc which refused the divorce.

On the charge of adultery, the court below found that the defendant did not commit adultery and that even if any adultery had been committed, it was condoned by the plaintiff. On the charge of indignities the court found that the plaintiff was not an innocent and injured spouse within the meaning of The Divorce Law. In an able opinion by Judge HONEYMAN the lower court fully discussed the testimony and the applicable rules of law.

The plaintiff does not claim that the lower court was incorrect in the legal principles applied but bases

his appeal on the allegation that the master and the court below disregarded certain testimony presented on behalf of the plaintiff. We have carefully read the entire record in this case and find that sufficient competent evidence was presented by the defendant to support the findings of the master. No evidence presented by the plaintiff was ignored; it simply did not prevail against the contrary evidence given on behalf of the defendant. The master's findings were approved by the trial court and fully support the conclusions reached.

Since the crucial issue in this case was one of credibility, the findings and conclusions of the master who saw and heard the witnesses are entitled to the fullest consideration by this court. *Yohey v. Yohey,* 205 Pa. Superior Ct. 329, 208 A. 2d 902 (1965). We will not reverse the action of the lower court in accepting the master's recommendation.

Order affirmed.