**Hansford  v.  Hansford**

*Morrison B. Williams,* for plaintiff.
*Wilson H. Oldhouser,* for defendant.

BUCKINGHAM, J., February 10, 1972—This is a contested divorce action where plaintiff-husband seeks a divorce from defendant-wife on the ground of indignities to the person. The master has recommended that the decree be granted and the matter is before us on defendant's exceptions to the master's report.

The evidence shows that plaintiff is 40 and defendant is 41. They were married on October 7, 1953, and five children were born to them who reside with plaintiff. The parties separated in 1968 and they have not lived together since then.

The master held two hearings at which 110 pages of testimony were taken. The indignities complained of by plaintiff were that defendant was a poor housekeeper, used obscene language toward him, falsely accused him of infidelity, including sexual relations with his niece, and threatened him with physical violence. He said that the course of conduct degraded, embarrassed and humiliated him.

Defendant, in general, denied plaintiff's testimony. Her version was that she never threatened plaintiff, that she was a good housekeeper except the times she was in the hospital. She admitted accusing defendant of infidelity, but stated that the accusations were justified. The parties called several witnesses to corroborate their stories, all of whom were related to the one who called them. The cases are legion which hold where the testimony is in conflict, the master's recommendations are entitled to the fullest consideration because he saw and heard the witnesses and was in a position to assess their credibility: Bothe v. Bothe, 207 Pa. Superior Ct. 361 (1966). In compliance with our duty, we made an independent review of the testimony in this case and have found no reason to disagree with the master's findings and conclusions.

Plaintiff amply supported his claim that defendant

often accused him of infidelity. One time defendant accused plaintiff of having sexual relations with his 14-year-old niece. The niece testified that, in fact, defendant had accused her and plaintiff of sexual relations. The niece denied the accusation. Another time, defendant accused plaintiff and his sister of having sexual relations. The sister confirmed the accusation, and denied its truth. There were other incidents of such accusations of infidelity. Defendant could not prove the truth of any of the accusations.

Plaintiff also claimed that defendant threatened him several times. One such incident included defendant pointing a loaded rifle at plaintiff. Defendant denied the incident altogether. Another time, plaintiff testified that he awoke one night and found defendant standing over him with a knife in her hand.

We are satisfied that the record supports the conclusion that defendant engaged in a continuous course of conduct, amounting to indignities, of a sufficiently serious nature to make plaintiff's condition intolerable and his life burdensome.

Defendant claims that a divorce should not be granted because plaintiff is not an injured and innocent spouse. More specifically, defendant claims that plaintiff beat her. However, the testimony reveals that the only time plaintiff hit defendant was in self-defense when defendant threatened plaintiff with physical violence or when defendant attempted to commit suicide. In any event, plaintiff is not required to be completely blameless to be the injured and innocent spouse: Margolis v. Margolis, 201 Pa. Superior Ct. 129 (1963). We need only determine which party is least open to the charge of causing the situation: DiTroia v. DiTroia, 202 Pa. Superior Ct. 7 (1963). We find that plaintiff is, in fact, an injured and innocent spouse and therefore entitled to a divorce.

After the master's report was filed, defendant requested the record be reopened to allow after-discovered evidence of defendant's incompetency during the times of the indignities committed by her. We find this request to be totally without merit. Counsel for defendant at argument freely admitted that defendant was competent at the time of the two hearings and is still competent, although she still goes to the York Mental Health Clinic once a month. It was established *by the defendant* at the master's hearings that defendant had been admitted to the Harrisburg State Hospital in 1960, 1962, 1963 and 1967 for short periods of time and that she had been under the care of Dr. Taylor, a local psychiatrist, who discharged her sometime in 1967. The complaint in this case was filed on September 28, 1970. An attorney for defendant (other than her present counsel) appeared for her as early as October 15, 1970, by filing a rule for a bill of particulars. Defendant's mental condition was known to her and her medical records were available to her all of this time. There is no allegation that defendant hid the fact of her mental troubles from any of her counsel. Indeed, the opposite conclusion is inescapable, since it was the defendant's present counsel who developed this aspect of the case at the hearings. Under these circumstances, it is difficult to perceive how anything defendant would now produce on her previous mental condition during the time the parties lived together could be classified as *after-discovered* evidence.

We further believe that defendant is not entitled to the defense of insanity. This defense was never pled. At no time did defendant testify that her actions were caused by a mental condition nor did she produce or ask the master for an opportunity to produce any medical testimony to support that proposition. To the contrary, the whole thrust of her defense was

a denial that she was guilty of any misconduct. The issue of whether defendant's mental condition caused her conduct was really raised for the first time when defendant filed exceptions to the master's report wherein she requested an additional hearing for the purpose of putting in the records of the Harrisburg State Hospital, the York Hospital and the York County Mental Health Center. The defense that the indignities were the product of mental derangement and, hence, were not willful or intentional is an *affirmative defense* that must be raised and supported by defendant: Fisher v. Fisher, 154 Pa. Superior Ct. 497 (1943). It is clear that defendant has been dilatory in asserting it. Accordingly, we enter the following:

### ORDER

And now, February 10, 1972, defendant's exceptions to the report of the master are overruled and dismissed and it is further ordered, adjudged and decreed that the said Calvin H. Hansford, plaintiff, is hereby divorced from the said Giovanna R. Hansford, defendant, and from the bonds of matrimony contracted with her, with the same effect as if they had never been married.

An exception is granted to defendant.